# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
|                              ) | |
| Plaintiff,   ) | |
| v.   ) | Case No. CR-20-00252-PRW-3 |
|      ) | CIV-23-00444-PRW |
| TOMAS GARCIA MARTINEZ,   ) | |
|                          ) | |
| Defendant.   ) | |

## ORDER

Before the Court are Defendant Martinez's Motion to Vacate, Set Aside, or Correct the Sentence, Under 28 U.S.C. § 2255 (Dkt. 102) and the government's Response (Dkt. 109). Having considered the pleadings and the applicable legal authorities, the Court **DENIES** the Motion (Dkt. 102).

On July 15, 2021, Martinez pleaded guilty to Count 10 of the Indictment (Dkt. 30), which charged him with possession of methamphetamine with intent to distribute. On May 26, 2022, the Court sentenced Martinez to 210 months of imprisonment. On May 18, 2023, Martinez filed the Motion (Dkt. 102), which claims that he received ineffective assistance of counsel in connection with his sentence. Specifically, he argues that his "attorney . . . was deficient when he didn't advocate for Martinez to receive the benefit of the mandatory drug safety valve."[1]

---

[1] Def.'s Mot. (Dkt. 102-1), at 2.

To prevail on an ineffective assistance of counsel claim, Martinez must show "(1) 'counsel's performance was deficient,' and (2) 'the deficient performance prejudiced the defense.'"[2] A defendant demonstrates deficient performance when he establishes that "counsel's representation fell below an objective standard of reasonableness."[3] Courts are to "assess the reasonableness of counsel's performance in light of 'the facts of the particular case, viewed as of the time of counsel's conduct.'"[4] This is a "highly deferential" review, since courts "strongly presume[]" that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[5] A defendant must show that counsel's decision was "completely unreasonable, not merely wrong[.]"[6]

Martinez's Motion is fundamentally incorrect, because he did in fact receive credit for the Safety Valve. Paragraph 31 of the Presentence Investigation Report notes that Martinez met the Safety Valve requirements, so he was entitled to a two-level decrease.[7] The PSR went on to correctly calculate Martinez's total offense level as 37, incorporating his 2-point Safety Valve reduction.[8] Neither party objected to these provisions of the PSR, and the Court also calculated his Total Offense Level to be 37 under the United States

---

[2] *United States v. Deiter*, 890 F.3d 1203, 1209 (10th Cir. 2018) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

[3] *Id.* (quoting *Strickland*, 466 U.S. at 688) (internal quotation marks omitted).

[4] *Id.* (quoting *Strickland*, 466 U.S. at 689).

[5] *Id.* (quoting *Strickland*, 466 U.S. at 688–89) (internal quotation marks omitted).

[6] *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997) (citation and internal quotation marks omitted).

[7] Final PSR (Dkt. 79), ¶ 31.

[8] *Id.* ¶ 39.

Sentencing Guidelines.[9] The Court proceeded to sentence Martinez to a term of imprisonment of 210 months, which was at the low end of the applicable Guideline range. Accordingly, Martinez's claim that his attorney did not argue for the Safety Valve reduction is incorrect.

The government also addresses "what may be, perhaps, an implied argument for a claim of" ineffective assistance of counsel based on Martinez's proffered guideline calculations.[10] At best, this is a "perfunctory or cursory reference" to an issue with no attempt on Martinez's part to develop a legal argument.[11] Thus, it is "inadequate to warrant consideration."[12]

Accordingly, the Court **DENIES** the Motion (Dkt. 102).

**IT IS SO ORDERED** this 11th day of October 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[9] Statement of Reasons (Dkt. 94), at 1.

[10] Pl.'s Resp. (Dkt. 109), at 7.

[11] *See United States v. Almaraz*, 306 F.3d 1031, 1041 (10th Cir. 2002).

[12] *Id.*